**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| SANTIAGO VALDEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | Case No. 1:15-cv-727-TWP-DKL |
| | ) | |
| JAIL COMMANDER, | ) | |
| Delaware County Jail, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Dismissing Action Without Prejudice
and Directing Entry of Final Judgment
I.**

This matter is before the Court on a petition for writ of habeas corpus filed by Petitioner Santiago Valdez ("Mr. Valdez"), who is confined at the Delaware County Jail as a pretrial detainee.

Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). Accordingly, a habeas petition "should be denied at once if the issues it raises clearly have been forfeited or lack merit under established law." *O'Connor v. United States,* 133 F.3d 548, 551 (7th Cir. 1998). As explained in this Entry, this is an appropriate case for such a disposition.

Mr. Valdez is the defendant in the ongoing prosecution described in *Valdez v. State,* 2015 WL 302272 (Ind. Ct. App. Jan. 22, 2015). He is currently charged in a Delaware County court with Attempted Rape, Criminal Confinement, Attempted Incest, Intimidation, and Battery. His claims are that his case has been tainted by prosecutor misconduct and irregularities. The appellate decision noted above was an interlocutory appeal in which the trial court's ruling that Mr. Valdez was not competent to exercise his right of self-representation was affirmed. In this Court's Entry of May 27, 2015 (Dkt. No. 5) the Court noted that Mr. Valdez's claims can be presented and

preserved in the ordinary course of the criminal proceedings, including a direct appeal in the event he is convicted. In that same Entry Mr. Valdez was made aware of the exhaustion requirement applicable to petitions such as the one that he has presented, *see Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979); *Blanck v. Waukesha County,* 48 F.Supp.2d 859, 860 (E.D.Wis. 1999), and he was given a period of time in which to show cause why this action should not be summarily dismissed as having been brought prematurely.

Mr. Valdez has responded to the foregoing directions, but in doing so has not shown either that state court remedies have been exhausted or that he should be excused from following that path in the state courts. Accordingly, the action is summarily dismissed because the habeas petition, even as supplemented, shows on its face that the petitioner is not entitled to the relief he seeks. The dismissal shall be **without prejudice.** A separate Judgment shall now issue.

## II.

Mr. Valdez is detained pursuant to a judicial rather than an executive order. Accordingly, the court must determine whether a certificate of appealability is warranted. *Evans v. Circuit Court of Cook County,* 569 F.3d 665, 666 (7th Cir. 2009).

Pursuant to Federal Rule of Appellate Procedure 22(b), the discussion in *Evans*, and 28 U.S.C. § 2253(c)(1)(A), the court finds that Mr. Valdez has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). As in *Evans,* the petitioner "certainly has not made a substantial showing of a need for federal intervention before all of his claims have been presented to the state judiciary and pursued through the usual appellate process after a final decision." 569 F.3d at 667 (citing cases). The court therefore **denies** a certificate of appealability.

IT IS SO ORDERED.

Date:  6/24/2015

_____

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana


Distribution:

Santiago Valdez
12262
Delaware County Jail
Inmate Mail/Parcels
100 West Washington Street
Muncie, IN 47305